**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 08a0670n.06
Filed: November 4, 2008

No. 07-2109

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | ON APPEAL FROM THE |
| Plaintiff-Appellee, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE WESTERN |
| v. | ) | DISTRICT OF MICHIGAN |
| | ) | |
| TOMMY WAYNE MCKINNEY, | ) | |
| | ) | |
| Defendant-Appellant. | ) | |

_____

BEFORE: MOORE, GRIFFIN, and BRIGHT,[*] Circuit Judges.

GRIFFIN, Circuit Judge.

After repeatedly violating the terms of his supervised release by continuing to use cocaine, failing to submit to urinalysis testing, and refusing to attend substance abuse treatment, the district court revoked defendant Tommy Wayne McKinney's supervised release and sentenced him to eighteen months of incarceration – six months above the Guidelines range. On appeal, McKinney argues that his sentence is procedurally and substantively unreasonable. We disagree and affirm.

I.

Following his guilty plea for being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1), defendant was sentenced to forty-eight months of incarceration, followed by three years

_____

[*]The Honorable Myron H. Bright, Senior United States Circuit Judge for the Eighth Circuit, sitting by designation.

of supervised release. The supervised release contained the standard conditions, including a requirement that defendant "not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances" and directing defendant to "participate in a program of testing and treatment for substance abuse, as directed by the probation officer . . . ."

McKinney completed his term of incarceration and began serving his supervised release on April 7, 2006. On May 15, 2006, the district court entered the first of several modifications to the terms of McKinney's supervised release due to defendant's continued use of cocaine. After the first violation, the district court ordered defendant to enter into a six-month community alternative program, abide by an 11:00 p.m. curfew, avoid using or possessing body armor, avoid the use or possession of alcohol, as well as avoid places whose primary purpose is the sale of alcohol, perform twenty hours of community service per week if he was unemployed, and avoid possessing or having primary use of a cellular telephone.

Less than two months later, on July 12, 2006, the district court again modified the terms of supervised release as a result of defendant's continued use of cocaine. This modification required McKinney to spend an additional six months at the community center. Defendant again tested positive for cocaine when he reported to the probation office on July 24, 2007. McKinney also failed to comply with the requirement that he attend regularly scheduled urinalysis appointments; he missed four such appointments. Additionally, defendant refused to participate in the required substance

abuse treatment, stating that he did not need treatment. After testing positive for cocaine in July 2007, McKinney finally submitted to treatment.

McKinney pleaded guilty to four counts of violating the terms of his supervised release. The probation office noted that defendant's use of cocaine was a Grade B violation, with a corresponding Guidelines range of six to twelve months of incarceration, and defendant's failures to report for urinalysis were Grade C violations, with a corresponding Guidelines range of one to six months. The probation office calculated defendant's total Guidelines range as six to twelve months according to U.S.S.G. § 7B1.4(a), with a statutory maximum of two years pursuant to 18 U.S.C. § 3583(e)(3). The probation office recommended an upward variance to eighteen months of incarceration and suggested that the court "may wish to consider recommending Mr. McKinney for participation in the 500 Hour Residential Drug Abuse Program while in the custody of the Bureau of Prisons."

The district court sentenced McKinney to eighteen months of incarceration, followed by eighteen months of supervised release, but did not recommend McKinney for the residential drug abuse program. Defendant did not object to his sentence at the time it was given, but now appeals, arguing that the sentence is unreasonable.

II.

McKinney argues that the sentence is procedurally and substantively unreasonable because of its upward variance from the Guidelines range. We review sentencing decisions under a deferential abuse-of-discretion standard for procedural and substantive reasonableness. *United*

States v. Gray, 521 F.3d 514, 542 (6th Cir. 2008) (citing *United States v. Bolds*, 511 F.3d 568, 578 (2007)); *see also Gall v. United States*, 128 S. Ct. 586, 594 (2007).

A district court imposes a procedurally unreasonable sentence if it fails to properly calculate the Guidelines range, treats the Guidelines as mandatory, fails to consider the 18 U.S.C. § 3553 factors, or fails to explain its rationale for imposing a particular sentence. *Bolds*, 511 F.3d at 581. When imposing a sentence, a district court does not need to recite the § 3553 factors; the court merely needs to provide enough of an explanation to show that it has considered the parties' arguments and has a reasoned basis for exercising its authority. *United States v. Jeross*, 521 F.3d 562, 583 (6th Cir. 2008) (citing *Rita v. United States*, 127 S. Ct. 2456, 2468 (2007)).

Defendant argues that the sentence was procedurally unreasonable because the district court did not explain why an upward variance was necessary and "did not give a clear reason for its choice of sentence." This is simply incorrect. The district court stated its reasons for the variance at the sentencing hearing:

> So the sentence is that you be committed to the Federal Bureau of Prisons for a term of 18 months, which is a departure from the guidelines, I realize that. And the departure is, again, so the record is clear, in case there is the necessity for review, the reasons for the departure are the fact that you have repeatedly, number one, used drugs, failed to participate by complying with the required [urinalysis tests], and only at a very late date begun to participate in treatment after I think some fairly extensive attempts by your probation officer to convince you to do that.
>
> So the sentence is, again, a departure. The guidelines are six to 12 months. The sentence is 18 months, with an 18-month period of supervised release after that.

It is clear that the district court understood the Guidelines range, its authority to deviate from it, and articulated a reason for doing so. McKinney argues that the basis for this variance was unreasonable,

but this is a substantive disagreement, not a matter of procedure. We conclude that the sentence was procedurally reasonable.

Defendant argues that the variance from the Guidelines was substantively unreasonable because the probation office recommended a variance in order for defendant to be eligible for participation in the 500-hour drug treatment program, but the district court specifically refused to recommend defendant for the program. The district court explained its reasons for doing so: "I would make a recommendation for treatment if I thought it would make a difference in your case, but, frankly, I don't. And so I won't make any recommendation to the Bureau of Prisons."[1] McKinney has shown that he disagrees with the district court's decision to impose a sentence six months beyond the Guideline range, but has not demonstrated that it was an abuse of discretion. *See Rita*, 127 S. Ct. at 2467 ("appellate courts may not presume that every variance from the advisory Guidelines is unreasonable.") Following our thorough review, we hold that defendant's sentence is substantively reasonable.

III.

For the reasons stated above, we affirm.

---

[1]The district court made no recommendation for the drug treatment program but left any such decision up to the Bureau of Prisons. The Bureau of Prisons should evaluate defendant to determine his eligibility for the program.